## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ADAM HOLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-656-R |
| | ) | |
| OKLAHOMA SECRETARY OF STATE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>ORDER</u>

Before the Court is Plaintiff's pro se Second Amended Complaint[1] asserting a claim under 42 U.S.C. § 1983 for a violation of his constitutional rights. Pursuant to the inherent power to manage its docket, the Court has reviewed the Second Amended Complaint and finds that it should be dismissed without prejudice for failure to state a claim. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this

---

[1] Defendants Secretary of State, Brian Bingman in his official capacity, and Josh Cockroft in his official capacity filed a Motion to Dismiss [Doc. 7]. However, during the pendency of the Motion, Plaintiff filed an "Amended Complaint" [Doc. No. 8] and then a "Second Amended Complaint" [Doc. No. 9]. Because these two pleadings were filed close in time on the same day and, apart from the title, appear to be substantially the same, the Court assumes the Amended Complaint was filed in error. The Court will therefore treat the Second Amended Complaint [Doc. No. 9] as the operative pleading. Because the filing of an amended pleading "supersedes the original and renders it of no legal effect[,]" *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation omitted), Defendants' Motion to Dismiss is DENIED without prejudice to resubmission if appropriate. Plaintiff is additionally instructed that any future amendments must comply with Federal Rule of Civil Procedure 15 and this Court's Local Civil Rules.

statutory provision."); *Williams v. Madden*, 9 F. App'x 996, 997 n.1 (10th Cir. 2001) (noting agreement with *Mallard*); *Webster v. Palk*, No. 21-4057-JWB-GEB, 2021 WL 4893015, at *2 (D. Kan. Oct. 20, 2021) ("The court has inherent authority to dismiss a frivolous complaint sua sponte even where, as here, Plaintiffs have paid the required filing fee.").

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." *Mwangi v. Norman*, No. 16-CV-0002-GPG, 2016 WL 153220, at *1 (D. Colo. Jan. 13, 2016) (citing *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10thCir. 1989)). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Rather, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, typically, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

2

In evaluating a complaint, all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). Additionally, where, as here, a litigant is proceeding pro se, the "pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Plaintiff's Second Amended Complaint[2] does not meet these standards. The Second Amended Complaint names as defendants the Oklahoma Secretary of State, the Oklahoma Secretary of State Election Board, Brian Bingman in his official capacity as Oklahoma Secretary of State, Josh Cockroft in his official capacity as Oklahoma Secretary of State, and Paul Ziriax in his official capacity as Chief State Election Official. Official capacity claims are treated as claims against the entity the individual represents, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and at least some of these defendants therefore appear to be redundant.

Additionally, the Eleventh Amendment generally bars suits in federal court for money damages against a state, its agencies, and state officers sued in their official

---

[2] In evaluating whether Plaintiff has stated a claim, the Court is confined to evaluating the allegations in the Second Amended Complaint and may not consider additional factual allegations in Plaintiff's brief in opposition to Defendant's Motion to Dismiss [Doc. No. 12]. *See Scott v. Hormel*, No. CIV-18-395-SLP, 2019 WL 3935101, at *2 (W.D. Okla. Aug. 20, 2019) ("To the extent Plaintiff includes new factual allegations in his Objection, the new allegations are not determinative of whether Plaintiff adequately stated claims in his Complaint.").

capacity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). Although exceptions exist where the state waives Eleventh Amendment immunity or if immunity is abrogated by Congress, neither of those exceptions appear to apply here. *Pettigrew v. Okla. ex rel. Okla. Dep't of Public Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013); Okla. Stat. tit. 51 § 152.1(B); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, to the extent Plaintiff's Second Amended Complaint requests money damages and other retrospective relief against the state defendants, those defendants are immune under the Eleventh Amendment.

Apart from these issues, the allegations in the Second Amended Complaint are too vague and conclusory to state a plausible claim. Plaintiff alleges that on June 28, 2022 the Defendants "held an unconstitutional election process designed to insurrect the Constitutional privileges of United States Citizens by removing or abridging the privileges and ability of willing United States citizens to be represented on the ONLY legal ballot which has power that changes the balances of power." He goes on to assert that the State has no records of "having filed or charged the plaintiff mentioned in this case for any due cause for ineligibility to hold an elected office on the constitutional ballot of November 2022." He also alleges that there was an "unconstitutional removal of eligible candidates," the defendants have "a practice of eliminating valid candidates for Federal, State, and Local elections by means of the Unconstitutional Primary election systems," and the "process encouraged and promoted media bias by Griffin Media which chose who to show on their debate stages."

Although Plaintiff appears to be contending that election officials acted unlawfully by eliminating or removing certain candidates for election, he fails to allege who the

candidates were, what office they were seeking, how or why they were purportedly removed from the ballot, and who was involved in the alleged removal. There is no factual description of the alleged practice or election system that Plaintiff believes is unconstitutional and it is therefore impossible to discern the basis of Plaintiff's complaint.

Even liberally construed, Plaintiff's Second Amended Complaint is devoid of a coherent factual basis for any cognizable claim against any named defendant. Accordingly, the Second Amended Complaint fails to state a claim and is DISMISSED without prejudice. Because Plaintiff is a pro se litigant and it is unclear whether granting leave to amend would be futile, the Court will permit Plaintiff to file an amended complaint within 21 days of the date of this Order that complies with Rule 8. If an amended complaint is not timely filed, this action will be dismissed with prejudice without further notice.

IT IS SO ORDERED this 16th day of August, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE