IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM HOLLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-656-R |
| ) | |
| BRIAN BINGAM, in his official capacity, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against Brian Bingam (in his official capacity as Oklahoma Secretary of State), Josh Cockroft (in his official capacity as Oklahoma Secretary of State),[1] Paul Ziriax (in his official capacity as Secretary for the State Election Board), the Oklahoma Secretary of State, and the Oklahoma State Election Board. Now before the Court are Defendants' respective Motions to Dismiss [Doc. Nos. 17, 18] seeking dismissal of Plaintiff's Third Amended Complaint [Doc. No. 16] pursuant to Fed. R. Civ. P. 12(b)(6). The matter is fully briefed and at issue [Doc. Nos. 19, 20, 21].

**PROCEDURAL BACKGROUND**

Plaintiff initiated this action by filing a Complaint [Doc. No. 1] alleging that Mr. Bingam, Mr. Cockroft, and the Oklahoma Secretary of State violated his constitutional rights during the 2022 election. Defendants moved to dismiss [Doc. No. 7], pursuant to

---

[1] Defendants' motion clarifies that Mr. Bingam is the former Oklahoma Secretary of State and Mr. Cockroft is the current Secretary of State. *See* Defs.' Br. at 2.

1

Fed. R. Civ. P. 12(b)(6) and raised arguments that are essentially identical to the arguments raised in their current motions. In response, Plaintiff filed a Second Amended Complaint [Doc. No. 9] that added Mr. Ziriax and the Oklahoma State Election Board as defendants but included allegations that were substantially similar to his initial Complaint. Because the filing of the Second Amended Complaint superseded the original pleading and rendered it of no legal effect, *see Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991), the Court denied Defendants' motion to dismiss without prejudice to refiling. *See* Order dated August 16, 2024 [Doc. No. 13]. However, pursuant to its inherent power to manage its docket, the Court reviewed the Second Amended Complaint and concluded that it failed to state a claim against any of the named defendants. *Id.* The Court therefore dismissed the Second Amended Complaint without prejudice and granted Plaintiff leave to amend. *Id.*

Plaintiff then filed his Third Amended Complaint which is now the operative pleading. Liberally construed, the Third Amended Complaint alleges that Oklahoma unconstitutionally limits eligible candidates for election via its primary system and that Plaintiff was prevented from listing his name as a candidate for United States Senate during the 2022 general election. He asserts that Oklahoma's election process, and specifically Okla. Stat. tit. 26, §§ 1-102 and 103, violate the First, Ninth, Tenth, and Fourteenth Amendments and seeks declaratory and monetary relief.

## STANDARD

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to give the opposing parties fair notice of the basis for the claims against them so that they may

2

respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." *Mwangi v. Norman*, No. 16-CV-0002-GPG, 2016 WL 153220, at *1 (D. Colo. Jan. 13, 2016) (citing *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10thCir. 1989)). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Thus, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a complaint, all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). Additionally, where, as here, a litigant is proceeding pro se, the "pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

## DISCUSSION

Defendants contend that there are a number of deficiencies with Plaintiff's Third Amended Complaint, and the Court agrees. To begin, Plaintiff has attempted to assert a claim for monetary relief pursuant to § 1983 against two state agencies and three state officials in their official capacity. However, neither a state nor its officials acting in their official capacity are persons that are subject to a suit for damages under § 1983. *Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, the Eleventh Amendment bars suits in federal court for money damages against a state and state officers sued in their official capacity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). And, contrary to Plaintiff's argument, Eleventh Amendment "immunity extends to suits brought by citizens against their own state." *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021).

In addition to seeking damages, Plaintiff's Third Amended Complaint also seeks a declaration that Oklahoma's primary election system is unconstitutional. In *Ex parte Young*, 209 U.S. 123, 159 (1908), the Supreme Court recognized an exception to Eleventh Amendment immunity "under which individuals can sue state officers in their official capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law." *Free Speech Coal., Inc. v. Anderson*, ___ F.4th ___, 2024 WL 4352434, at *2 (10th Cir. Oct. 1, 2024). "To come within this exception," the state official named as a defendant "must 'have a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'" *Id.* (quoting *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007)). The duty to enforce may be shown by reference to "state law, an administrative delegation, or a demonstrated practice of enforcing a provision." *Peterson v. Martinez*, 707 F.3d 1197, 1207 (10th Cir. 2013). "But when a state law explicitly empowers one set of officials to enforce its terms, a plaintiff cannot sue a different official absent some evidence that the defendant is connected to the enforcement of the challenged law." *Id.*

Here, Plaintiff has named the Oklahoma Secretary of State (and its current and former officers) as defendants. However, Oklahoma law provides that the State Election Board, not the Secretary of State, is responsible for administering various aspects of the primary and general elections. *See* Okla. Stat. tit. 26, § 5-102 (providing that candidates for United States Senator "shall file Declarations of Candidacy with the Secretary of the State Election Board"); § 6-103 (State Election Board is responsible for printing ballots); § 8-101 (State Election Board certifies list of nominees); § 8-103 (State Election Board certifies list of successful candidates for office). In support of his claim that the Secretary of State is a proper defendant, Plaintiff references Oklahoma Stat. tit. 26, § 11-106, but this law concerns elections for judicial offices – not the senate seat that forms the basis of Plaintiff's allegations – and, in any event, merely provides that the State Election Board shall certify the results of any election to the Secretary of State. Ultimately, the Third Amended Complaint does not cite to any provision of state law or include any non-conclusory allegations showing that the Secretary of State's office is responsible for enforcing the challenged laws. Accordingly, Plaintiff has failed to show that Defendants Bingam, Cockroft, or the Secretary of State are not entitled to Eleventh Amendment immunity. *See Peterson*, 707 F.3d at 1206 (explaining that a district court is not required to accept conclusory allegations about an official's responsibility for implementing a state law, particularly when they contradict state law).

Apart from these statutory and jurisdictional defects, the Third Amended Complaint also fails to state a plausible claim. Despite having two opportunities to amend his pleading, Plaintiff's allegations are still somewhat disjointed. However, liberally construed, he

5

appears to be asserting that Oklahoma's use of a primary election is unconstitutional because it limits who can appear as a candidate for office on the general election ballot. He alleges that he was excluded from appearing on the 2022 general election ballot for United States Senate and specifically challenges the constitutionality of Okla. Stat. tit. 26, §§ 1-102 and 1-103, which provide for primary and runoff elections for nominating candidates from recognized political parties. Plaintiff appears to take issue with the following limitations set out in § 1-102:

> No candidate's name shall be printed upon the General Election ballot unless such candidate shall have been nominated as herein provided, unless otherwise provided by law; provided further that this provision shall not exclude the right of a nonpartisan candidate to have his or her name printed upon the General Election ballots.

In his response brief, Plaintiff argues that utilizing a primary election to remove otherwise eligible candidates from the general election ballot is unconstitutional. *See* Pl.'s Br. at 9.

Plaintiff's argument is foreclosed by long-standing Supreme Court precedent recognizing "that the State may limit each political party to one candidate for each office on the ballot and may insist that intraparty competition be settled before the general election by primary election or by party convention." *Am. Party of Texas v. White*, 415 U.S. 767, 781 (1974). *See also Bullock v. Carter,* 405 U.S. 134, 145 (1972) (recognizing that "a State has a legitimate interest in regulating the number of candidates on the ballot"); *California Democratic Party v. Jones*, 530 U.S. 567, 572, (2000) (reaffirming "that a State may require parties to use the primary format for selecting their nominees, in order to assure that intraparty competition is resolved in a democratic fashion").

6

Additionally, to the extent he asserts other complaints about the election process, he has failed to include sufficient factual content to state a plausible claim. For example, Plaintiff asserts that his ability to run for office with the party that most aligns with his faith was somehow compromised but fails to provide any factual support for this assertion, other than his misplaced belief that a primary election system is unconstitutional. He also suggests that government agencies conspired with the media to limit media coverage but fails to include any factual content to support this allegation. Thus, much like his prior pleadings, Plaintiff's Third Amended Complaint is devoid of a coherent factual basis that alleges any cognizable claim against any named defendant.

## CONCLUSION

For the reasons detailed above, Defendants' respective Motions to Dismiss [Doc. Nos. 17 and 18] are GRANTED and this action is DISMISSED WITHOUT PREJUDICE. Plaintiff has not requested leave to amend his complaint or suggested that he could plead additional facts that would state a plausible claim and the Court therefore finds no reason to permit him another opportunity to amend.

IT IS SO ORDERED this 9th day of October, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE